# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **GEORGIA BARR and RONALD BARR,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **WAL-MART STORES, INC.,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:16-cv-01057-DB-PMW** <br><br> **District Judge Dee Benson** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a Motion to Extend Expert Discovery Deadline (the "Motion for Extension"),[2] filed by Plaintiffs Georgia Barr and Ronald Barr ("Plaintiffs"), and a Motion to Compel Discovery (the "Motion to Compel")[3] filed by Defendant Wal-Mart Stores, Inc. ("Defendant"). Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[4]

---

[1] *See* docket no. 19.

[2] *See* docket no. 17.

[3] *See* docket no. 18.

[4] Pursuant to civil rule DUCivR 7-1(f) and DUCivR 37-1, the court elects to determine the present motions on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

## BACKGROUND

On September 13, 2016, Plaintiffs filed their complaint in this case (the "Complaint").[5] The Complaint alleges that on September 23, 2015, Plaintiff Georgia Barr ("Georgia") was struck by a line of shopping carts pushed by Defendant's employee while in the parking lot of one of Defendant's stores in Washington County, Utah.[6] As a result of this incident, the Complaint alleges that Georgia has suffered a back injury which has caused her "constant pain," and "difficulty walking, standing upright, and performing household and personal care tasks."[7] Georgia seeks compensatory damages for her injuries.[8] In addition, Plaintiff Ronald Barr ("Ronald") claims special damages based on loss of spousal consortium.[9]

## DISCUSSION

The court first addresses Plaintiffs' Motion for Extension, followed by Defendant's Motion to Compel.

I.  MOTION FOR EXTENSION

In the Motion for Extension, Plaintiffs request an extension of the deadline for disclosure of their initial expert reports from July 27, 2017, to October 28, 2017.[10] Plaintiffs also seek an

---

[5] *See* docket no. 2-1. The case was originally filed in state court, and was removed to federal court by Defendant Wal-Mart Stores on October 14, 2016. *See* docket no. 2.

[6] *See* docket no. 2-1 at 2–3.

[7] *Id.* at 3.

[8] *See id.* at 3–5.

[9] *See id.* at 4–5.

[10] *See* docket no. 17.

extension to designate two additional experts.[11] The Motion for Extension was filed on September 13, 2017; nearly two months after the original expert report deadline had passed.

Pursuant to Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Moreover, "[a]ny additions or changes to [expert witness] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* at 26(e)(2).

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

*Id.* at 37(c)(1).

Plaintiffs have failed to establish good cause for modifying the scheduling order. Plaintiffs have also failed to establish that missing the expert report deadline, and failing to disclose two additional experts, was substantially justified. Plaintiffs assert that they "were unable to retain an expert until shortly before the July 27, 2017 deadline."[12] Plaintiffs should have known at that time that an extension would be necessary. Rather than seek an extension, though, Plaintiffs produced their expert's report a "few weeks after the deadline had already passed."[13] Moreover, Plaintiffs did not disclose their expert witness until after the deadline for initial expert reports had passed, and did not indicate to Defendant that they wanted to designate

---

[11] *See id.*

[12] *Id.* at 2.

[13] *Id.*

3

additional expert witnesses until September 11, 2017.[14] And yet, Plaintiffs still did not seek an extension of the deadline, delaying until September 13, 2017, when they filed the Motion for Extension. The only explanation Plaintiffs provide for the delay in seeking the requested extension is that they are "very low on funds"[15] and have "limited means."[16] The court finds that a lack of financial resources is not good cause for amending the scheduling order or an adequate justification for the Plaintiffs' delay in seeking the requested extension. Accordingly, the requested extension is denied.

II. MOTION TO COMPEL

In its Motion to Compel, Defendant moves this court for an order compelling Georgia to submit to a Rule 35 physical examination by Jeff Chung, M.D. ("Dr. Chung").[17] Defendant further moves this court for an order compelling Ronald to submit to a deposition.[18]

a. Rule 35 Physical Examination of Georgia Barr

In relevant part, Rule 35 provides:

(a) Order for an Examination.

(1) *In General*. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified

---

[14] Docket no. 22-14 at 1. It is unclear to the court, but ultimately immaterial to the disposition of the Motion for Extension, whether the Plaintiffs disclosed the identities of the additional expert witnesses to Defendant before filing the Motion for Extension on September 13, 2017.

[15] Docket no. 17 at 2.

[16] *Id*. at 4.

[17] *See* docket no. 18.

[18] *See id.*

> examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1)-(2). The decision to grant a Rule 35 examination is within the discretion of the trial court.

> Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements . . . are necessarily related.

*Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964). The Tenth Circuit "reviews discovery decisions pertaining to Rule 35 examinations for an abuse of discretion." *Herrera v. Lufkin Indus.*, 474 F.3d 675, 688 (10th Cir. 2007).

Here, Georgia has squarely placed her physical condition in controversy by alleging Defendant is liable to her for personal injuries. Accordingly, the court finds that there is good cause for the Rule 35 physical examination. Plaintiffs object to the request that the examination take place in Salt Lake City, because they assert that Georgia's physical condition prevents her from traveling. Therefore, if the Plaintiffs insist on the examination taking place in St. George, Plaintiffs shall bear the additional costs associated with Dr. Chung examining her there. These additional costs may include travel expenses, travel time, the cost of transporting equipment, and any costs related to Dr. Chung being unable to see patients.

b. <u>Deposition of Ronald Barr</u>

Second, Defendant seeks an order compelling Ronald to submit to a deposition. Plaintiffs have previously asserted that Ronald is not well enough to appear at a deposition.[19] Defendant has indicated that it is willing to make accommodations to address any of Ronald's health concerns.[20] However, in their opposition to the Motion to Compel, Plaintiffs did not address Defendant's request for an order compelling Ronald's deposition.[21]

Pursuant to Rule 30, "[a] party may, by oral questions, depose any person, *including a party*, without leave of court." Fed. R. Civ. P. 30(a)(1) (emphasis added). Ronald, as a plaintiff, is a party to the action. Indeed, he, along with Georgia, initiated the instant action against Defendant. Consequently, it is inappropriate for Ronald to refuse to submit to a deposition. In addition, Plaintiffs did not oppose Defendant's request for an order compelling Ronald to submit to a deposition. For these reasons, Defendant's request is granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Extension is hereby **DENIED**; and, the court hereby **GRANTS** Defendant's Motion to Compel and **ORDERS** that:

1. Within thirty (30) days of the date of this order, Plaintiff Georgia Barr shall:

    a. submit to a physical examination by Dr. Chung at Dr. Chung's office in Salt Lake City; or,

---

[19] *See id.* at 3.

[20] *Id.* at 9.

[21] *See* docket no. 23.

b. submit to a physical examination by Dr. Chung in St. George, and Plaintiffs shall bear the costs of the examination, including travel expenses, travel time, the cost of transporting equipment, and the cost to Dr. Chung resulting from the inability to see patients.

2. Within thirty (30) days of the date of this order, Plaintiff Ronald Barr shall submit to a deposition by Defendant.

As a final matter, the court notes that in the argument section of its Motion to Compel, Defendant requested "a limited extension to file an Amended Report by Dr. Chung after . . . [he] has had an opportunity to perform a physical examination of Plaintiff."[22] However, Defendant did not request a specific extension, or apprise the court of the amount of time required to produce an amended report. The court, therefore, instructs the parties to attempt to stipulate to an amended schedule for Defendant's amended expert report, and any other affected dates. If the parties cannot come to an agreement, either party may move the court for an amended scheduling order.

IT IS SO ORDERED.

DATED this 14th day of November, 2017.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[22] Docket no. 18 at 8.